Filed 1/8/15  P. v. Stewart CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B257029 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA130864) |
| v. | |
| CORNELIUS STEWART, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Eleanor J. Hunter, Judge.  Affirmed.

Richard L. Fitzer under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

Appellant Cornelius Stewart pled no contest to one count of second degree robbery in violation of Penal Code section 211 and admitted that the robbery was committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). Appellant also admitted that he suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a). The trial court sentenced appellant to the upper term of five years for the robbery conviction, plus a five-year enhancement for the prior serious felony conviction. The court also sentenced appellant to a ten-year enhancement term pursuant to Penal Code section 186.22, but stayed imposition of that sentence on the condition that appellant have no contact with the victims while in prison.

Appellant appeals from the judgment of conviction. Finding no error, we affirm.

Facts[1]

On November 14, 2013, Rickey Powell and Randall Tate drove to the Nickerson Gardens Apartments in Los Angeles. While parked and waiting for a friend, they were approached by a group of seven to ten men who told them to get out of the car. Many in the group were carrying guns. Someone in the group said, "It's Bounty Hunters." Two of the men took jewelry, cash and cell phones from Powell and Tate. They also took Powell's new Air Jordan sneakers. The men searched Powell's car and then told them to leave.

Powell and Tate reported the robbery to Los Angeles Police Department. Someone from the Department showed them a photo of a man carrying white shoes which Powell identified as his stolen Air Jordans. Both men described the photo as blurry.

---

[1] The facts are taken from the preliminary hearing in this matter.

Powell and Tate were then taken back to Nickerson Gardens, where they viewed appellant in a field show-up. According to Officer Chris Giargiari, both men viewed appellant from a distance of about 25 yards. Both men stated that appellant was the person who had robbed them.

At the preliminary hearing, Powell and Tate acknowledged that they had previously identified appellant in the field show-up, but claimed that it was a mistake. Both men testified that appellant was not one of the two lead robbers. Tate claimed that they viewed the suspect in the field show-up from a distance of 400 feet. When Tate was asked if he had been threatened since the robbery, he replied that he had been getting phone calls.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On October 7, 2014, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied appellant's attorney has fully complied with his responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


GOODMAN, J.[*]

We concur:


MOSK, Acting P.J.


KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.